UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-01387-GMN-LRL |
| vs. ) | |
| ) | **ORDER** |
| BANK OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are two Motions to Dismiss: one filed by Defendant Bank of America ("BOA") (ECF No. 9) and one filed by Defendant Trustee Corps. ("Trustee") (ECF No. 15). Both of these Motions are fully briefed. Also pending are Plaintiff's Motion for Judgment (ECF No. 13) and Defendant BOA's Motion to Strike Plaintiff's Response to BOA's Reply (ECF No. 24). For the reasons that follow, both Motions to Dismiss will be granted. The other motions will be denied as moot.

**I.   BACKGROUND[1]**

In March of 2006, Plaintiff obtained two loans from Defendant BOA for a total of $207,000.00. The Deeds of Trust were executed by Plaintiff on March 23, 2006 and recorded in the Clark County Recorder's Office on March 28, 2006. (*See* Exs. D & E, ECF No. 10.)

Plaintiff defaulted on at least one of the loans in May of 2009, and Defendant Trustee subsequently issued a Notice of Default in October of 2009. (*See* Ex. G, ECF No.

---

[1] The Court will take judicial notice of the public records adduced by Defendants. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

10.)  When Plaintiff failed to cure the default, Defendant Trustee issued Notices of Trustee's Sale on April 7, 2010 and July 14, 2010. (*See* Ex. G, ECF No. 10.)

On July 13, 2010, Plaintiff sent Defendant BOA a TILA Rescission Notice, (Compl. 6 ¶ k, Ex. F, ECF No. 1), which he believes cancelled the Deed of Trust and promissory notes, (Compl. 14-15, Ex. F, ECF No. 1).  Ten days later, Plaintiff filed this lawsuit in state court.  Then, on August 16, 2010, Defendant BOA properly removed the suit, invoking both diversity and federal question jurisdiction.

Plaintiff's Complaint purports to contain two causes of action.  In Plaintiff's first cause of action, he appears to be asking the Court to enforce the TILA Rescission Notice he sent to BOA and requests an Order from the Court "canceling the Recorded Trust Deeds," (Compl. 15 ¶ 5, Ex. F, ECF No. 1).  Plaintiff's second cause of action is not a cause of action at all, but, rather, is a requested remedy: injunctive relief.

## II.     RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most

favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    DISCUSSION**

The Truth in Lending Act ("TILA") was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). If required disclosures are not made, the consumer may rescind. *See* 15

U.S.C. § 1635(a); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 (9th Cir. 2003). However, the rescission remedy is only available for three years, and the statute of limitations period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *King v. State of California*, 784 F.2d 910, 914 (9th Cir. 1986). This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling. *Birk v. Gateway Funding Corp.*, No. CIV S-10-1039-MCE-CMK, 2011 WL 590865, at *5 (E.D. Cal. Feb. 10, 2011); *see Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

In this case, the Deeds of Trust were consummated in March of 2006; therefore, Plaintiff only had until March of 2009 to rescind the transaction. Plaintiff's effort to rescind the transaction in July of 2010 was therefore time-barred, and dismissal of Plaintiff's attempt to enforce that time-barred rescission is appropriate. Because Plaintiff cannot possibly amend his Complaint to cure this fatal defect, he will not be given leave to amend. Plaintiff's request for injunctive relief will also be denied, as no valid cause of action remains.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF Nos. 9 & 15) are **GRANTED**. All remaining motions are denied as moot.

DATED this 16th day of March, 2010.

_____
Gloria M. Navarro
United States District Judge